```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )    Crim. No. 09-10294-PBS
                              )
CLAUDE PELISSIER              )
                              )
```

**ORDER**

May 24, 2013

Saris, C.J.

In a letter to the Clerk dated April 20, 2013 (#66), defendant/petitioner Claude Pelissier asks for copies of two documents free of charge to add as exhibits to his motion under 28 U.S.C. § 2255 ("§ 2255"). He asks for a transcript of the detention hearing held on November 20, 2009 and a copy of his arrest warrant. Pelissier does not identify the argument(s) he hopes to advance by including these documents as exhibits to his § 2255 motion (#55). The transcript of the hearing has not been prepared by a court reporter.

**I.   TRANSCRIPT**

Under 28 U.S.C. § 753(f) ("§ 753(f)"), the United States must pay "fees for transcripts furnished in criminal proceedings brought under section 2255 of [Title 28] to persons permitted to sue or appeal in forma pauperis . . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

Here, the Court cannot certify at this time that the

transcript is needed to decide the issue presented by the § 2255 motion. Based on a review of the § 2255 motion, it appears that Pelissier is seeking a transcript of his detention hearing to bolster his argument that he received ineffective assistance of counsel when his counsel advised him to remain in federal custody instead of seeking to return to state custody, where he would have been eligible to earn good time credits. As the government has pointed out in its opposition (#67) to the § 2255 motion, this subject was addressed by defense counsel during at sentencing. The transcript of the sentencing hearing has already been prepared (#42) and is included in the government's opposition. At this juncture, the Court cannot discern any basis for expending taxpayer funds for the preparation of the detention hearing transcript when it is very possible that what was said or not said at the detention hearing may be irrelevant in light of the Court's decision at sentencing. Accordingly, the request for a transcript of the detention hearing is DENIED WITHOUT PREJUDICE.

**II.   ARREST WARRANT**

Pelissier's indigent status does not qualify him for free copies of documents, see, e.g., Anderson v. Gillis, 236 Fed. Appx. 738, 739 (3d Cir. 2007) ("The in forma pauperis statute does not grant the court the authority to provide an indigent litigant with copies of all the documents in the record."), and it is unclear why Pelissier needs this document. However, as a one-time courtesy, the Clerk shall supply Pelissier with a copy

of his arrest warrant.

    SO ORDERED.

| | |
|---|---|
| _5/24/2013_ | _/s/ Patti B. Saris_ |
| DATE | PATTI B. SARIS |
| | CHIEF, U.S. DISTRICT JUDGE |