UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
United States of America              )
                                      )
v.                                    )     Crim No. 09-CR-10294-PBS
                                      )
Claude Pelissier                      )
                                      )
_____)


**MEMORANDUM AND ORDER**
December 4, 2015

Saris, Chief Judge.

Pro se petitioner Claude Pelissier has moved under 28 U.S.C. § 2255 for habeas relief on the grounds (1) that he is actually innocent of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) and (2) that his attorney was ineffective. The motion is **DENIED**.

With respect to the first issue, Pelissier pled guilty to being a felon in possession. Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Section 922(a)(2) also provides that the term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of

1

the States as a misdemeanor and punishable by a term of imprisonment of two years or less." Petitioner had three convictions which met this definition: (1) breaking and entering at night into a boat or vehicle with the intent to commit a felony, M.G.L. c. 266, § 16; (2) possession of burglarious tools, M.G.L. c. 266, § 49; and (3) resisting arrest, M.G.L. c. 268, § 32B. All are "punishable" by not more than two and one-half years. The fact that Pelissier was punished by less than one year is immaterial so long as he was "punishable" by more than one year. See, e.g., United States v. Jones, 195 F.3d 205, 207 (4th Cir. 1999); United States v. Qualls, 108 F.3d 1019, 1021-22 (9th Cir. 1997).

Petitioner argues that he is actually innocent under Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) because his predicate offenses do not qualify as felonies. However, Carachuri-Rosendo involved the complex question of whether a state misdemeanor drug possession conviction fell within the definition of "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1101. For purposes of that immigration statute, "felony" was defined as a crime "for which the maximum term of imprisonment authorized" is "more than one year." § 3559(a). Rejecting the government's argument that the petitioner could "hypothetically" be convicted for a felony as a

recidivist drug possessor under federal law, the Supreme Court

held:

> The mere possibility that the defendant's conduct,
> coupled with facts outside of the record of conviction,
> could have authorized a felony conviction under federal
> law is insufficient to satisfy the statutory command
> that a noncitizen be "convicted of an aggravated felony"
> before he loses the opportunity to seek cancellation of
> removal.

Carachuri-Rosendo, 560 U.S. at 582. As the Court pointed out,

the term "aggravated felony" is unique to immigration law and

does not appear elsewhere within the United States Code. Id. at

574.

Accordingly, Carachuri-Rosendo is inapplicable to the felon

in possession statute, which defines the predicate offense not

as an "aggravated felony" but as a "crime punishable for a term

exceeding one year." 18 U.S.C. § 922(g)(1). Courts to address

the issue have rejected similar arguments. See Stokes v. United

States, No. 12-925, 2014 WL 5198746 (M.D. Al. Oct. 14, 2014)

(Carachuri "wholly inapplicable" to convictions under §

922(g)(1)); United States v. St. Clair, No. 12-294, 2012 WL

1309368 at *2 (W.D. Pa. Apr. 16, 2012) (same); Bogardus v.

United States, No. 110-155, 2012 WL 292870 (S.D. Ga. Jan. 4,

2012) ("Carachuri did not alter the definition of a federal

felony" or render hypothetical offenses for which the actual

sentence imposed is less than one year).

Petitioner's second argument also fails. He asserts that his original counsel was ineffective in advising him to remain in federal custody instead of returning him to state custody where he could get possible good time and parole reductions. But Pelissier's counsel did raise this argument at sentencing and this Court adjusted the sentence accordingly. See Docket No. 67-1, Sentencing Tr. at 9, 13, 21-22. As such, he was not prejudiced. See, e.g., Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) ("A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong."). Moreover, the issue is moot because petitioner is no longer in custody based on the original conviction.

## ORDER

For the foregoing reasons, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

/s/ PATTI B. SARIS_____
Patti B. Saris
Chief United States District Judge